**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONNOR SPORT COURT INTERNATIONAL, LLC, a Delaware limited liability company, | Case No. _____ |
| Plaintiff, | **COMPLAINT WITH JURY DEMAND** |
| vs. | |
| SPORTSCOURT, INC., a New York corporation, EDWIN THOMAS COLLINS, an individual, EDWIN A. COLLINS, an individual, | Judge _____ |
| Defendants. | |

Connor Sport Court International, LLC, (hereinafter "CSCI" or "Plaintiff"), by and through its counsel, hereby files this Complaint with Jury Demand against SportsCourt, Inc., Edwin Thomas Collins and Edwin A. Collins (hereinafter, collectively, "Defendants") and alleges as follows:

## NATURE OF ACTION

1.       CSCI brings this action under Lanham Trademark Act, Title 15, United States Code § 1051, *et seq*, New York General Business Law §§ 349, 360, the laws of the State of New York and New York common law.

## THE PARTIES

2.       CSCI is a Delaware limited liability company with a principal place of business at 5445 W. Harold Gatty Drive, Salt Lake City, Utah 84116.  CSCI has contracted independent distributors to sell its products within the state of New York and nationally across the United

States.

3.      Upon information and belief, SportsCourt, Inc. is a New York corporation with a principal place of business in 182 Morgan Street, Tonawanda, New York 14150, and conducts business in New York and Pennsylvania.

4.      Upon information and belief, Edwin Thomas Collins is Chief Executive Officer of SportsCourt, Inc. with an address at 182 Morgan Street, Tonawanda, New York 14150.

5.      Upon information and belief, Edwin A. Collins is President of SportsCourt, Inc. with an address at 182 Morgan Street, Tonawanda, New York 14150.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. §§ 1114, 1125.

7.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over claims arising under state law or common law because those claims are so related to the federal claims that they form part of the same case or controversy.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

9.      This Court has personal jurisdiction over Defendants because they transact and do business in Tonawanda, New York, in this judicial district, causing harm suffered in the state of New York, and this action is based upon activities that arise out of or relate to those contacts.

## GENERAL ALLEGATIONS

### CSCI's TRADEMARKS

10.     Since at least the 1970s, CSCI (and/or its predecessors-in-interest) has been in the business of selling athletic flooring and accessories and services under the SPORT COURT mark.

11.     CSCI owns U.S. Trademark Reg. No. 1,100,976 for the mark SPORT COURT for use in connection with "recreational patio installation services."  Exhibit A.

12.     CSCI owns U.S. Trademark Reg. No. 1,155,586 for the mark SPORT COURT for use in connection with "sports equipment-namely, backboards, nets, racquets, balls, and ball rebounders."  Exhibit A.

13.     CSCI owns U.S. Trademark Reg. No. 1,727,818 for the mark SPORT COURT for use in connection with "recreational and athletic play surfaces and related equipment for said surfaces; namely, nets, basketball backboards and lighting fixtures sold as a unit."  Exhibit A.

14.     CSCI owns U.S. Trademark Reg. No. 1,177,220 for the mark SPORT COURT for use in connection with "sports equipment-namely, backboards, nets, racquets, balls, ball rebounders" and "recreational patio installation services."  Exhibit A.

15.     CSCI owns U.S. Trademark Reg. No. 2,479,328 for the mark SPORT COURT for use in connection with "plastic interlocking floor tiles."  Exhibit A.

16.     Since at least April 1973, CSCI (and/or its predecessors-in-interest) has used the SPORT COURT mark in commerce and enjoys substantial federal and common law trademark rights in the SPORT COURT mark.  These federal and common law marks are collectively referred to herein as the "SPORT COURT Marks."

17.     As a result of CSCI's long and extensive use of the SPORT COURT Marks, they have become well known and highly respected in the athletic flooring industry.

18.     CSCI's goods and services have been widely advertised and extensively promoted under the SPORT COURT Marks.  Their flooring has been used in the National College Athletic Association tournaments.  The SPORT COURT Marks have acquired significant goodwill and are assets of enormous value.

19.     Through CSCI's promotion and advertising under the SPORT COURT Marks, the public has come to recognize the SPORT COURT Marks as emanating from CSCI.

20.     The SPORT COURT Marks are distinctive and not generic.

21.     Upon information and belief, due to CSCI's quality goods and services and extensive use of the SPORT COURT Marks, the marks have become famous.

### DEFENDANTS' MISCONDUCT

22.     Defendants are in the business of installing, repairing and resurfacing outdoor athletic surfaces for residential and commercial spaces, and as a result, Defendants directly compete with CSCI in the athletic flooring industry.

23.     Defendants use the SPORT COURT Marks in the SportsCourt, Inc. business name, marketing and advertising materials and website sportscourt.us, including in the domain name, visible text and hidden code.

24.     Upon information and belief, Edwin Collins is the registrant of domain name sportscourt.us.

25.     Upon information and belief, the Edwin Collins is either Edwin A. Collins or Edwin Thomas Collins.

26.     Upon information and belief, Edwin A. Collins or Edwin Thomas Collins registered the domain name for sportscourt.us in his capacity as President or Chief Executive Officer of SportsCourt, Inc.

27.     Upon information and belief, Defendants use the SPORT COURT Marks within the hidden code of the website with the intent to influence the results of Internet search engine queries for "SPORT COURT."

28.     On or about June 16, 2017, CSCI sent SportsCourt, Inc. a cease and desist letter to

stop using the SPORT COURT Marks.  The letter included copies of the registration certificates for the federally registered mark SPORT COURT.

29.     On or about July 2, 2017, Edwin A. Collins sent CSCI a letter offering to sell SportsCourt, Inc. to CSCI.

30.     On or about July 13, 2017, Defendants responded to CSCI's letter.

31.     Defendants, therefore, have actual notice that CSCI owns federal trademark registrations for the SPORT COURT Marks and that CSCI owns common law rights in the SPORT COURT Marks.

32.     Defendants' actions are likely to cause confusion, to cause mistake, or to deceive consumers as to the source of its goods and services and cause a false association between CSCI and Defendants.

33.     Upon information and belief, Defendants intended to and did trade on the substantial goodwill associated with the SPORT COURT Marks, and have intentionally misled the public into assuming a connection between CSCI and Defendants.

34.     Upon information and belief, Defendants' actions constitute a knowing and willful false designation of origin of Defendants' goods and services.

35.     Upon information and belief, Defendants' actions have resulted in, and will continue to result in, substantial and irreparable harm and injury to CSCI and consumers.

## FIRST CAUSE OF ACTION

### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS - 15 U.S.C. § 1114

36.     CSCI realleges and incorporates by reference all the foregoing paragraphs.

37.     CSCI owns valid U.S. trademark registrations for the mark SPORT COURT.

38.     Defendants are not authorized by CSCI to use the SPORT COURT Marks in

connection with Defendants' goods and services.

39. Defendants' actions are likely to cause confusion, to cause mistake, or to deceive consumers and are trademark infringement pursuant to 15 U.S.C. § 1114.

40. Defendants' infringement of the SPORT COURT Marks has caused and will continue to cause damage and irreparable injury to the value and goodwill of the SPORT COURT Marks, as well as damage and cause irreparable injury to CSCI's goodwill, business, and reputation.

41. Upon information and belief, Defendants' actions were and are deliberate, willful, fraudulent, and constitute a knowing infringement of the SPORT COURT Marks.

42. CSCI is entitled to injunctive relief under 15 U.S.C. § 1114.

43. CSCI is entitled to damages and recovery of Defendants' profits, in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117(a).

44. CSCI is entitled to recover treble damages and costs and attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION - 15 U.S.C. § 1125(a)

45. CSCI realleges and incorporates by reference all of the foregoing paragraphs.

46. CSCI owns the SPORT COURT Marks.

47. Defendants are not authorized by CSCI to use the SPORT COURT Marks in connection with Defendants' goods and services.

48. Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of CSCI with Defendants, or as to the origin, sponsorship or approval of Defendants' goods, services, or commercial activities by

CSCI.

49.     Defendants' conduct constitutes false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a).

50.     CSCI has been and will continue to be damaged by Defendants' actions.

51.     Upon information and belief, CSCI has suffered actual damages and lost profits caused by Defendants' infringement of the SPORT COURT Marks, in an amount to be proven at trial.  Additionally, the harm to CSCI from Defendants' actions is not fully compensable by money damages.  CSCI has suffered and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringement committed by Defendants is permanently enjoined.

52.     Upon information and belief, Defendants knew of CSCI's trademark rights and willfully infringed the SPORT COURT Marks and therefore Defendants' actions are willful, intentional and/or deliberate.

53.     CSCI is entitled to injunctive relief and monetary damages against Defendants pursuant to 15 U.S.C. § 1117.

54.     CSCI is entitled to an award of treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION

#### FEDERAL TRADEMARK DILUTION - 15 U.S.C. § 1125(c)

55.     CSCI realleges and incorporates by reference all of the foregoing paragraphs.

56.     The SPORT COURT Marks are famous and distinctive and are entitled to protection against dilution pursuant to 15 U.S.C. § 1125(c).

57.     Defendants are not authorized by CSCI to use the SPORT COURT Marks in

connection with Defendants' goods and services.

58.    Defendants' use of CSCI's SPORT COURT Marks is likely to cause dilution by blurring and/or tarnishment, pursuant to 15 U.S.C. § 1125(c).

59.    CSCI has been and will continue to be damaged by Defendants' use of the SPORT COURT Marks.

60.    Upon information and belief, Defendants' actions are willful, intentional and/or deliberate.

61.    CSCI is entitled to injunctive relief pursuant to 15 U.S.C. § 1117.

62.    CSCI is entitled to an award of treble damages and an award of attorneys' fees pursuant to 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION

### NEW YORK ANTI-DILUTION - N.Y. Gen. Bus. Law § 360(l)

63.    CSCI realleges and incorporates by reference all of the foregoing paragraphs.

64.    CSCI's SPORT COURT Marks are famous and distinctive in New York and are entitled to protection against dilution.

65.    Defendants are not authorized by CSCI to use the SPORT COURT Marks in connection with Defendants' goods and services.

66.    Defendants' use of the SPORT COURT Marks commenced after the SPORT COURT Marks became famous.

67.    By using the SPORT COURT Marks in connection with Defendants' own goods and services, Defendants have created a likelihood of consumer confusion, have lessened the capacity of CSCI's famous marks to identify and distinguish CSCI's goods and services, and

have consequently diluted the distinctive quality through blurring and/or tarnishment of the

SPORT COURT Marks in violation of N.Y. Gen. Bus. Law § 360(l).

68.    CSCI has been damaged and will continue to be damaged by Defendants' use of

the SPORT COURT Marks.

69.    CSCI is entitled to injunctive relief pursuant to N.Y. Gen. Bus. Law § 360(l).

### FIFTH CAUSE OF ACTION

#### NEW YORK COMMON LAW INFRINGEMENT

70.    CSCI realleges and incorporates by reference all of the foregoing paragraphs.

71.    CSCI's SPORT COURT Marks are famous and distinctive in New York and are

entitled to protection against infringement.

72.    Defendants' use of the SPORT COURT Marks commenced after the SPORT

COURT Marks became famous.

73.    By using the SPORT COURT Marks in connection with their own goods and

services, Defendants have created a likelihood of consumer confusion, have lessened the

capacity of CSCI's famous marks to identify and distinguish CSCI's goods and services, and

have consequently infringed upon the SPORT COURT Marks in violation of the laws of the

State of New York and common law.

74.    CSCI has been damaged and will continue to be damaged by Defendants' use of

the SPORT COURT Marks.

75.    CSCI is entitled to all forms of relief granted under the laws of the State of New

York.

## SIXTH CAUSE OF ACTION

### NEW YORK COMMON LAW UNFAIR COMPETITION

76.     CSCI realleges and incorporates by reference all of the foregoing paragraphs.

77.     Defendants' use of the SPORT COURT Marks constitutes unfair competition under the laws of the State of New York and common law.

78.     By using the SPORT COURT Marks in connection with its own goods and services, Defendants have created a likelihood of consumer confusion, have lessened the capacity of CSCI's famous marks to identify and distinguish CSCI's goods and services, and have consequently infringed upon the SPORT COURT Marks in violation of the laws of the State of New York and common law.

79.     CSCI has been damaged and will continue to be damaged by Defendants' use of the SPORT COURT Marks.

80.     CSCI is entitled to all forms of relief granted under the laws of the State of New York.

## SEVENTH CAUSE OF ACTION

### NEW YORK UNLAWFUL DECEPTIVE ACTS AND PRACTICES - N.Y. GEN. BUS. LAW § 349

81.     CSCI realleges and incorporates by reference all of the foregoing paragraphs.

82.     Upon information and belief, Defendants have passed off Defendants' goods and/or services as those of CSCI.

83.     Upon information and belief, Defendants have knowingly made false representations as to source, sponsorship, approval, or certification of Defendants' goods and/or services by use of the SPORT COURT Marks, and did so having knowledge of the SPORT COURT Marks.

84.     Defendants' conduct is likely to cause confusion or misunderstanding as to affiliation, connection, or association between Defendants and CSCI.

85.     Defendants' conduct constitutes a violation of the New York Unlawful Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349.

86.     CSCI is entitled to recover damages for Defendants' conduct pursuant to N.Y. Gen. Bus. Law § 349(h).

87.     CSCI is entitled to recover attorneys' fees pursuant to N.Y. Gen. Bus. Law § 349(h).

88.     CSCI is entitled to enjoin Defendants from further use of its marks pursuant to N.Y. Gen. Bus. Law § 349(h).


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in favor of CSCI as follows:

A.     That the Court enter judgment that Defendants' use of the SPORT COURT Marks is likely to cause confusion resulting in trademark infringement in violation of 15 U.S.C. §§ 1114, 1125, the laws of the State of New York and New York common law;

B.     That the Court enter judgment that Defendants' actions constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a);

C.     That the Court enter judgment that Defendants have diluted CSCI's famous SPORT COURT Marks in violation of 15 U.S.C. § 1125(c);

D.     That the Court enter judgment that Defendants have diluted the SPORT COURT Marks in violation of N.Y. Gen. Bus. Law § 360(l);

E.      That the Court enter judgment that Defendant's actions infringe CSCI's common law trademark rights in the SPORT COURT Marks in violation of the laws of the State of New York and common law;

F.      That the Court enter judgment that Defendant's conduct constitutes unfair competition in violation of the laws of the State of New York and common law;

G.      That the Court enter judgment that Defendants are liable for deceptive trade practices under N.Y. Gen. Bus. Law § 349;

H.      That the Court preliminarily and permanently enjoin Defendants from using the terms "sportscourt," "multi-sport court," "multi-sports court," "sport court," "sports court," "sport courts", or any term that infringes the SPORT COURT Marks, dilutes the SPORT COURT Marks or unfairly competes with CSCI;

I.      That the Court enter judgment that the SPORT COURT Marks are distinctive and not generic;

J.      That the Court permanently enjoin Defendants from using sportscourt.us as a domain name and landing site, including as a redirecting site;

K.      That the Court require Defendants to sanitize its online presence, removing any and all infringement of the SPORT COURT Marks from the visible text and hidden code;

L.      That the Court require Defendants to transfer ownership of sportscourt.us to CSCI;

M.      That the Court require Defendants to pay monetary damages to CSCI in an amount to be proven at trial;

N.      That the Court require Defendants to pay prejudgment and post-judgment interest until such awards are paid;

O.      That the Court require Defendants to pay treble damages in an amount to be proven at

trial;

P.      That the Court award CSCI punitive damages;

Q.      That the Court require Defendants to pay CSCI's costs and attorneys' fees incurred in this

action;

R.      That the Court order such other and further relief for CSCI as shall seem just and proper

to the Court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, CSCI hereby demands a

jury trial on all claims and issues so triable.


DATED this 25th day of September 2017.


Respectfully Submitted,



**THORPE NORTH & WESTERN, LLP**                 **DEL VECCHIO & STADLER LLP**

/s/ Peter M. de Jonge                                      /s/ Rebecca M. Stadler
/s/ Jed H. Hansen
/s/ Kurtis Michael Hendricks

Peter M. de Jonge                                          Rebecca M. Stadler
Jed H. Hansen
Kurtis Michael Hendricks

*Attorneys for Plaintiff,*
Connor Sport Court International, LLC